```
                        United States Bankruptcy Court
                        Eastern District of Pennsylvania
```

```
In re:                                                      Case No. 12-14426-amc
Phyllis G. Taylor                                           Chapter 13
      Debtor
```

# CERTIFICATE OF NOTICE

```
District/off: 0313-2           User: admin                  Page 1 of 2                 Date Rcvd: Jul 21, 2017
                               Form ID: 3180W               Total Noticed: 10
```

```
Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jul 23, 2017.
db             +Phyllis G. Taylor,    376 Avon Road,    Upper Darby, PA 19082-4702
12748674       +Alan B. Liss, Esquire,    1420 Walnut Street,    Suite 808,    Philadelphia, PA 19102-4008
12866748       +Deutsche Bank National Trust Company as Trustee,    P.O. Box 65450,
                 Salt Lake City, UT 84165-0450
13884615        Deutsche Bank National Trust Company, as Trustee,    c/o Select Portfolio Servicing, Inc.,
                 P.O. Box 65250,    Salt Lake City, UT 84165-0250
12828420       +Security Credit Services, LLC,    PO Box 1156,    Oxford MS 38655-1156
12850326       +Upper Darby Township,    c/o James D. Smith, Finance Director,    100 Garrett Road,
                 Upper Darby, PA 19082-3135
Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg             E-mail/Text: bankruptcy@phila.gov Jul 22 2017 01:27:42      City of Philadelphia,
                 City of Philadelphia Law Dept.,    Tax Unit/Bankruptcy Dept,    1515 Arch Street 15th Floor,
                 Philadelphia, PA 19102-1595
smg             E-mail/Text: RVSVCBICNOTICE1@state.pa.us Jul 22 2017 01:26:47
                 Pennsylvania Department of Revenue,    Bankruptcy Division,    P.O. Box 280946,
                 Harrisburg, PA 17128-0946
smg            +E-mail/Text: usapae.bankruptcynotices@usdoj.gov Jul 22 2017 01:27:21      U.S. Attorney Office,
                 c/o Virginia Powel, Esq.,    Room 1250,    615 Chestnut Street,    Philadelphia, PA 19106-4404
12758512       +EDI: AISACG.COM Jul 22 2017 01:28:00      Capital One Auto Finance,
                 c/o Ascension Capital Group,    P.O. Box 201347,    Arlington, TX 76006-1347
                                                                                                TOTAL: 4

              ***** BYPASSED RECIPIENTS *****
NONE.                                                                                           TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jul 23, 2017                                          Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on July 20, 2017 at the address(es) listed below:
              ALAN B. LISS    on behalf of Debtor Phyllis G.  Taylor bnklaw@aol.com
              ANN E. SWARTZ    on behalf of Creditor    Deutsche Bank National Trust Company as Trustee, et. al.
               ecfmail@mwc-law.com, ecfmail@mwc-law.com
              JEFFREY T GROSSMAN    on behalf of Creditor    Capital One Auto Finance Department
               jgrossman@grossmanfirm.com,    jottinger@grossmanfirm.com;jschwartz@grossmanfirm.com
              KIMBERLY A. BONNER    on behalf of Creditor    Deutsche Bank National Trust Company, as Trustee, in
               trust for the registered holders of Morgan Stanley ABS Capital I Trust 2006-HE7, Mortgage
               Pass-Through Certificates, Series 2006 HE7 amps@manleydeas.com
              KRISTEN D. LITTLE    on behalf of Creditor    Deutsche Bank National Trust Company as Trustee, et.
               al. pabk@logs.com
              MATTEO SAMUEL WEINER    on behalf of Creditor    Deutsche Bank National Trust Company, as Trustee,
               in trust for the registered holders of Morgan Stanley ABS Capital I Inc. Trust 2006-HE7,
               Mortgage Pass-Through Certificates, Series 2006 HE7 bkgroup@kmllawgroup.com
              MATTHEW CHRISTIAN WALDT    on behalf of Creditor    Deutsche Bank National Trust Company, as
               Trustee, in trust for the registered holders of Morgan Stanley ABS Capital I Trust 2006-HE7,
               Mortgage Pass-Through Certificates, Series 2006 HE7 mwaldt@milsteadlaw.com,
               bkecf@milsteadlaw.com
              MATTHEW CHRISTIAN WALDT    on behalf of Creditor    Select Portfolio Servicing Inc. as servicing
               agent for Deutsche Bank National Trust Company, as Trustee, in trust for the registered holders
               of Morgan Stanley ABS Capital I Inc. Trust 2006-HE7, Mortga mwaldt@milsteadlaw.com,
               bkecf@milsteadlaw.com
              United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
              WILLIAM C. MILLER    on behalf of Trustee WILLIAM C. MILLER, Esq. ecfemails@ph13trustee.com,
               philaecf@gmail.com
```

```
District/off: 0313-2           User: admin                Page 2 of 2               Date Rcvd: Jul 21, 2017
                               Form ID: 3180W             Total Noticed: 10
```

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system (continued)
          WILLIAM C. MILLER, Esq.    ecfemails@ph13trustee.com,   philaecf@gmail.com
                                                                                                                                                   TOTAL: 11

```
District/off: 0313-2           User: admin                Page 2 of 2               Date Rcvd: Jul 21, 2017
```

| Information to identify the case: | | |
|---|---|---|
| Debtor 1 | **Phyllis G. Taylor** <br> First Name   Middle Name   Last Name | Social Security number or ITIN   **xxx–xx–4963** <br> EIN   _ _–_ _ _ _ _ _ _ |
| Debtor 2 <br> (Spouse, if filing) | First Name   Middle Name   Last Name | Social Security number or ITIN   _ _ _ _ <br> EIN   _ _–_ _ _ _ _ _ _ |
| United States Bankruptcy Court | **Eastern District of Pennsylvania** | |
| Case number: | **12–14426–amc** | |

# Order of Discharge                                                                                       12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 1328(a) is granted to:

Phyllis G. Taylor

7/20/17                                                                **By the court:**    <u>Ashely M. Chan</u>
                                                                                             United States Bankruptcy Judge

**Explanation of Bankruptcy Discharge in a Chapter 13 Case**

This order does not close or dismiss the case.

**Creditors cannot collect discharged debts**

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily. 11 U.S.C. § 524(f).

**Most debts are discharged**

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts provided for by the chapter 13 plan.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**Some debts are not discharged**

Examples of debts that are not discharged are:

♦ debts that are domestic support obligations;

♦ debts for most student loans;

♦ debts for certain types of taxes specified in 11 U.S.C. §§ 507(a)(8)( C), 523(a)(1)(B), or 523(a)(1)(C) to the extent not paid in full under the plan;

**For more information, see page 2**

Form 3180W                                       **Chapter 13 Discharge**                                          page 1

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- some debts which the debtors did not properly list;

- debts provided for under 11 U.S.C. § 1322(b)(5) and on which the last payment or other transfer is due after the date on which the final payment under the plan was due;

- debts for certain consumer purchases made after the bankruptcy case was filed if obtaining the trustee's prior approval of incurring the debt was practicable but was not obtained;

- debts for restitution, or damages, awarded in a civil action against the debtor as a result of malicious or willful injury by the debtor that caused personal injury to an individual or the death of an individual; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of a chapter 13 discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**